858 So.2d 504 (2003)
Judy CANNEDY
v.
Rulon YARBOROUGH.
No. 2002 CA 0728.
Court of Appeal of Louisiana, First Circuit.
June 27, 2003.
*505 Michael Hebert, Baton Rouge, Counsel for Plaintiff/Appellant Judy Cannedy.
Frank Whiteley, Denis P. Juge, Metairie, Counsel for Defendant/Appellee Rulon Yarborough.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
In this workers' compensation case, Judy Cannedy appeals the Office of Workers' Compensation's (OWC) judgment in favor of Rulon Yarborough. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
Judy Cannedy worked as a receptionist for Rulon Yarborough, a State Farm agent, for approximately nine years. On March 1, 1999, while working for Mr. Yarborough, Ms. Cannedy suffered an on-the-job injury when she fell from her chair. *506 Ms. Cannedy received compensation from March 1, 1999, until February 28, 2000. However, benefits were terminated when Ms. Cannedy's treating physicians released her to return to her previous employment or other light duty/sedentary work. Thereafter, while stepping out into her yard in May of 2000, Ms. Cannedy fell, injuring her left ankle. Ms. Cannedy sought payment of medical expenses related to the ankle injury from the workers' compensation insurer, but the treatment was denied as unrelated to the prior on-the-job injury.
On September 7, 2000, Ms. Cannedy filed a disputed claim form with the OWC, seeking supplemental earnings benefits (SEB), payment of medical benefits in relation to the ankle injury, and attorney's fees. A trial was held on October 29, 2001. In a judgment signed on November 14, 2001, the workers' compensation judge found that Ms. Cannedy failed to prove that she was disabled after February 28, 2000, and denied her claim for indemnity benefits after that date. Additionally, the workers' compensation judge found that Ms. Cannedy failed to prove that the ankle injury was related to the March 1, 1999 accident, and denied her claim for medical benefits for the ankle injury. Finally, the judge denied Ms. Cannedy's claim for attorney's fees.

ASSIGNMENTS OF ERROR
Ms. Cannedy now appeals from this judgment and asserts the following assignments of error:
1. The workers' compensation judge erred in finding the claimant was not entitled to SEB.
2. The workers' compensation judge erred in allowing the video tape made by the private investigator into evidence.
3. The workers' compensation judge erred in ruling that the ankle injury was not related to the on-the-job injury.
4. The workers' compensation judge erred in ruling that Ms. Cannedy's attorney was not entitled to attorney's fees.
5. The workers' compensation judge erred in ruling that each party should bear its own costs.

DISCUSSION Under the provisions of La. R.S. 23:1221(3)(a), an employee is entitled to receive SEB if she sustains a work-related injury that results in her inability to earn ninety percent or more of her average preinjury wage. Initially, the claimant bears the burden on proving, by a preponderance of the evidence, that the injury resulted in her inability to earn that amount under the facts and circumstances of the individual case. Seal v. Gaylord Container Corporation, 97-0688, pp. 7-8 (La.12/02/97), 704 So.2d 1161, 1166. In determining whether the claimant has established a prima facie case, the trial court may and should take into account all those factors that might bear on an employee's ability to earn a wage. Daigle v. Sherwin-Williams Company, 545 So.2d 1005, 1007 (La.1989). However, a claimant is not entitled to SEB when her inability to earn wages equal to ninety percent of her preinjury wages is due to circumstances other than her work related injury. Smith v. J.E Merit Constructors, Inc., 01-2824, p. 6 (La.App. 1st Cir.11/08/02), 835 So.2d 749, 754.
Whether a claimant's injury prevents her from obtaining employment earning ninety percent of her pre-injury wages is a question of fact. Thus, the appellate court may not set aside the workers' compensation judge's findings in this regard absent *507 a finding of manifest error or unless the findings are clearly wrong. Smith, 01-2824 at 6, 835 So.2d at 754. If the workers' compensation judge's findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, when factual findings are based on the credibility of witnesses, the fact finder's decision to credit a witness's testimony must be given great deference by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
After a thorough review of the record, we find no manifest error in the workers' compensation judge's determination that Ms. Cannedy was not entitled to SEB because she failed to prove that she was disabled after February 28, 2000. Both Dr. Bryan Griffith and Dr. Sandra Weitz, who treated Ms. Cannedy following her on-the-job injury, stated that Ms. Cannedy had reached maximum medical improvement as of February 2000, and that she had been released to her previous job or other sedentary/light duty clerical/receptionist work. Despite this medical evidence, Ms. Cannedy maintains that she cannot work, no matter what restrictions are in place, due to her pain, and therefore she has not attempted to seek employment, other than at her previous job, which was no longer available. However, these subjective complaints have no objective basis in the medical findings presented at trial. A claimant's testimony that she is no longer able to return to her pre-injury employment, without more, is insufficient to prove entitlement to SEB. Rapp v. City of New Orleans, XX-XXXX-XX-XXXX, p. 19 (La.App. 4th Cir.12/29/99), 750 So.2d 1130, 1143, writ denied, 00-0353 (La.4/7/00), 759 So.2d 761.
In reaching its determination as to Ms. Cannedy's entitlement to benefits, the workers' compensation judge also questioned Ms. Cannedy's credibility, based on her testimony and videotaped surveillance that was admitted into evidence at trial. Ms. Cannedy contends on appeal that the videotape should not have been admitted into evidence because it was not impeachment evidence.[1] However, we find this argument to be without merit. On cross-examination, the attorney for Rulon Yarborough specifically asked Ms. Cannedy: "Have you ever changed the way you physically walk when you attend a physician's appointment in order to convince them that you are more injured than you are." In response to this question, Ms. Cannedy stated: "No sir. I walk bad all the time." When asked to clarify how she walks, Ms. Cannedy stated that she walks "slow." The videotape, taken a day prior to and the day of a doctor's appointment, showed Ms. Cannedy while walking at several locations, and depicted an altered pattern in her appearance and walk when attending her doctor's appointment. Therefore, we find that the workers' compensation judge did not abuse its discretion in allowing the videotape to be presented at trial as impeachment evidence.
However, even without the videotape, we find that the testimony of Dr. Weitz called into question Ms. Cannedy's credibility. In her deposition, Dr. Weitz expressed concern over Ms. Cannedy's exaggeration of her symptoms. In particular, *508 Dr. Weitz stated that during an office visit, Ms. Cannedy appeared physically run down and described her pain as constant shooting pain. However, Dr. Weitz made a note that she thought this was interesting given that she had seen Ms. Cannedy walking out of a clinic the week previously, where Ms. Cannedy was dressed up and chatting lively on the phone while exiting the building.
In addition to the lack of medical evidence to support her disability claim, Ms. Cannedy also possesses substantial experience in the insurance industry, as well as experience in the clerical/receptionist field. Prior to her job with Rulon Yarborough, Ms. Cannedy worked as a receptionist for another State Farm agent as well as for a construction company. Additionally, Ms. Cannedy attended two years of college, where she studied Business Administration and Marketing. According to the testimony of the vocational rehabilitation expert called by Rulon Yarborough, there were many available clerical/receptionist jobs in the area if Ms. Cannedy chose to seek employment. Therefore, based on all the facts and circumstances as contained in the record, we find that the workers' compensation judge was not manifestly erroneous in concluding that Ms. Cannedy failed to prove that she was disabled after February 28, 2000, and therefore not entitled to SEB.
In regard to Ms. Cannedy's ankle injury, we also find from our review of the record no error in the workers' compensation judge's determination that the ankle injury was not related to the on-the-job injury. While Ms. Cannedy claims that her leg gave way due to radiating pain associated with her back injury, the medical records from Summit Hospital and Acadian Ambulance indicate that Ms. Cannedy "[lost] footing [without] pre fall complaints" or that she "stepped off porch [and] slipped." Neither medical record mentions anything about her leg giving way due to her back injury. The only supportive evidence is contained in a letter from Dr. Griffith, whereby he relates the ankle injury to the on-the-job injury. However, Dr. Griffith indicated in his deposition testimony that he based his determination on the history of the accident as related to him by Ms. Cannedy, not on objective findings.
In contrast, Dr. Weitz stated that from her records, Ms. Cannedy had no objective evidence of weakness and that she does not believe there was enough nerve root compression on the right side to actually make Ms. Cannedy's leg give way. However, she noted it was impossible to say if the ankle problem was related to the back injury. In light of the medical evidence contained in the record, and the workers' compensation judge's credibility determination regarding Ms. Cannedy, we cannot find that the judge erred in denying Ms. Cannedy's claim for medical benefits related to the ankle injury.
Having found no error in the workers' compensation judge's determinations as to Ms. Cannedy's claims for SEB and medical benefits related to her ankle injury, we also find no error in the judge's allocation of costs or its failure to assess attorney's fees against Rulon Yarborough.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the OWC. All costs of this appeal are to be borne by the appellant, Judy Cannedy.
AFFIRMED.
NOTES
[1] The surveillance videotape was not listed on the pre-trial order or statement of evidence as an exhibit to be presented at trial. However, the rules governing proceedings in the OWC state that "[e]xhibits to be used for impeachment or rebuttal need not be included on the list. Impeachment evidence shall include, but not be limited to, witnesses, documents, photographs, or films." LAC 40:6003.